WILLIAM H. STEWART v. FERNANDO C. JONES.

Submitted July 3, 1908—Decided November 9, 1908.

Chapter 13 of the laws of 1905, entitled "An act concerning the filling of vacancies in elective offices in towns, and in cities of the third class," requires that a vacancy which occurs in the common council or other governing body of a municipality of either of the classes designated, shall be filled by the voters of the municipality when the vacancy occurs before the holding of the primary election in the municipality. When, however, the vacancy occurs after the holding of the primary election the statute requires it to be filled by the governing body itself.

On *quo warranto.* Demurrer to information.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the relator, *John Boyd Avis.*

For the respondent, *Gaskill & Gaskill.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The information in this case is filed by Stewart, the relator, against Jones, the respondent, to contest the right of the latter to hold the office of member of common council of the city of Millville, in the county of Cumberland; the relator contending that he, and not the respondent, is entitled to hold this office. The material facts set out in the information, and admitted by the demurrer, are that one Walter M. Shropshire was, at the annual election in that city held on November 7th, 1905, elected a member of its council from the first ward of the city for a term of three years, and that his term of office commenced on the 1st day of January, 1906; that he continued as a member of the council until October 11th, 1907, when he died; that his death caused a vacancy in the council from that ward; that on the Friday evening preceding the regular November election for 1907,

the respondent was, by the common council of Millville, elected a member of that body to fill the vacancy caused by the decease of Mr. Shropshire; that the relator was nominated by petition, signed by at least two per cent. of the voters who voted at the last preceding general election residing in the first ward, to fill the vacancy caused by the death of Mr. Shropshire, and that the petition was filed in the office of the clerk of Cumberland county on the 21st day of October, 1907; that at the general election held on November 5th, 1907, the relator received a total of more than three hundred votes, being more than any other person received for the said office; that he, subsequent to the said election, executed and caused to be filed his oath of office according to law, and endeavored to obtain recognition as a member of said council, but was refused such recognition upon the ground that the respondent had been elected by that body to fill the vacancy caused by the death of Mr. Shropshire, and was entitled to hold the office for the full unexpired term. The question presented by the demurrer to this information is whether, on the facts stated, the relator or the respondent is entitled to the office left vacant by the death of Mr. Shropshire.

Millville is a city of the third class; and the method of filling vacancies occurring in the common council of such cities is prescribed by chapter 13 of the laws of 1905 (*Pamph. L., p. 26*), entitled "An act concerning the filling of vacancies in elective offices in towns and in cities of the third class." The body of the act provides that in municipalities of the kind specified "the common council, or other governing body, shall have the power to fill vacancies in all elective offices, including any vacancy occurring or existing in any such common council or body, and such officer so appointed or chosen to fill any such vacancy shall hold office until the first day of January next succeeding the next local or charter election in such city; and such vacancy shall be regularly filled for the unexpired term thereof, if any remain, at the next local or charter election held in such city in the same manner as before the passage of this act; if such vacancy occur at so short a period of time before the next annual election that such office cannot be duly

filled at such election, the common council or other governing body of such city may fill such vacancy in the same manner as though the same had occurred immediately after said election, and the said vacancy shall be regularly filled at the next subsequent local or charter election in such city held thereafter."

It is apparent, from a reading of the above-cited statutory provision, that whether the relator or the respondent is entitled to hold the office of common councilman from the first ward depends upon the solution of this question; did or did not the vacancy caused by the death of Mr. Shropshire occur at so short a period before the November election of 1907 that the office could not be duly filled at such election—for, if a sufficient time intervened after his death to duly fill the office at that election, then the relator is entitled to hold it; but if not, then the respondent, by virtue of his election by council, is entitled to the office.

The method of electing members of council, as well as other municipal officers, in the cities of this state, is prescribed by the act to regulate elections (*Pamph. L.* 1898, *p.* 237), and the supplement to that act passed in 1903 and generally known as the Primary Election law. *Pamph. L.* 1903, *p.* 603. This latter enactment, section 1, requires all candidates of political parties, for offices to be voted for at the general election by the voters of a single ward, to be nominated directly at primary elections to be held in September on what is known as "first registry day." In addition to this method of nomination at primary elections, a candidate may be nominated by petition, signed by legally-qualified voters residing within the ward, equal in number to at least two per cent. of the entire vote cast in the ward for members of the general assembly at the last preceding general election. *Election Law*, § 41. At the time of Mr. Shropshire's death the date for holding primary elections in Millville had already passed. It was too late, therefore, for the several political parties to nominate a candidate to fill the office made vacant by his death to be voted for at the next general election. Their right to choose a candidate for the office at a primary election was just as absolute as was the right of two per cent. of the voters in the

district to nominate one by petition; and the legislature, by providing in the act of 1905 that when a vacancy in the common council should occur at so short a period of time before the next annual election that it could not be duly filled at such election then the common council might fill such vacancy in the same manner as though it had occurred immediately after such election, recognized that right. The phrase *"duly filled"* means filled by the election of a candidate chosen from those nominated by the several political parties, as well as from those nominated by petition. Where the vacancy happens after the holding of the primary election, it occurs (in the language of the statute) "at so short a period of time before the next annual election that the office cannot be duly filled at such election."

We conclude, therefore, that the vacancy in the common council caused by the death of Mr. Shropshire was properly filled by that body, and that by their election the respondent is entitled to hold the office of councilman for the first ward until the 1st of January, 1909.

The respondent is entitled to judgment on the demurrer.